IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CV-128-BO

GEORGE REYNOLD EVANS,        )
                             )
           Plaintiff,        )
                             )
                             )   **ORDER AND MEMORANDUM**
      v.                     )   **AND RECOMMENDATION**
                             )
OFFICER JASON GRIESS, ET AL.,)
                             )
           Defendants.       )

This matter is before the court for review of the application to proceed *in forma pauperis* and complaint of Plaintiff George R. Evans ("Plaintiff") pursuant to 28 U.S.C. § 1915(a), (e)(2)(B). [DE-1]. A litigant may commence an action in federal court *in forma pauperis* if he files an affidavit, in good faith, stating that he is unable to pay the costs of the lawsuit. *See* 28 U.S.C. § 1915(a). Nothing in the record suggests that Plaintiff's affidavit is inaccurate or submitted in bad faith.[1] Accordingly, it appears that Plaintiff satisfies the financial requirements for *in forma pauperis* status and the motion is allowed. However, for the reasons set forth below, this court recommends that the complaint be dismissed in part for failure to state a claim.

## I. STATEMENT OF FACTS

Plaintiff, a resident of North Carolina, has filed a complaint seeking compensatory and punitive damages under 42 U.S.C. § 1983 and § 1985, based upon his alleged wrongful arrest and two wrongful searches of his vehicle by two Jacksonville police officers. [DE-1-1].

---

[1] It appears that Plaintiff was not incarcerated at the time of his filing. Therefore, the appropriate *in forma pauperis* application would be Form AO 239. Plaintiff has filed Form AO 240, the short form. Nonetheless, the court considers Plaintiff's *in forma pauperis* application.

1

According to the complaint, on March 9, 2013, Officer Griess stopped Plaintiff while driving his vehicle and subsequently arrested Plaintiff for felony possession of crack cocaine and drug paraphernalia. *See* Compl. at 3. The complaint describes the details preceding the arrest as follows: Plaintiff was traveling on North Marine Boulevard in Jacksonville by vehicle. *Id.* Officer Griess stopped Plaintiff's vehicle in a parking lot for "[impeding] traffic." *Id.* Officer Griess asked Plaintiff to produce his driver's license and car registration, but Plaintiff was only able to produce his driver's license. *Id.* While speaking with Plaintiff, Officer Griess indicated that he smelled alcohol to which Plaintiff responded that he had not consumed any alcohol. *Id.* Plaintiff states that several other officers were with Officer Griess when he confronted Plaintiff about ownership of the vehicle. *Id.* at 4. Officer Griess asked permission from Plaintiff to search his vehicle to which Plaintiff denied consent. *Id.* at 3. Officer Griess stepped away from Plaintiff at this time. *Id.* Shortly thereafter, Officer Griess returned to Plaintiff's vehicle with a crack pipe in his hand that he recovered from the parking lot area where Plaintiff's vehicle was stopped. *Id.* Plaintiff informed Officer Griess that the crack pipe did not belong to him. *Id.* Next, Officer Griess proceeded to search Plaintiff's vehicle from which he recovered a pellet gun and ski mask. *Id.* Plaintiff states that Officer Griess also searched Plaintiff's cell phone for a telephone number. *Id.* at 4. Officer Griess informed Plaintiff that he had run a check on Plaintiff and discovered Plaintiff had a prior armed robbery charge and pending charges for the sale and delivery of illegal drugs. *Id.* at 3. Plaintiff responded that all pending charges were false charges. *Id.* at 4. Officer Griess placed Plaintiff under arrest for possession of crack cocaine and drug paraphernalia. *Id.* at 3. Plaintiff alleges that Officer Griess and other officers with him that day engaged in racial profiling and tried to intimidate Plaintiff, and that Officer Griess provided false statements to a magistrate regarding Plaintiff's arrest.

2

*Id.* at 4.

Two days later, on March 11, 2013, Plaintiff was again pulled over while driving his vehicle, this time by Officer Ehrler. *Id.* Officer Ehrler informed Plaintiff he was pulled over because Plaintiff matched the description provided to officers related to a filling-station drive-off incident in the Jacksonville area. *Id.* Officer Ehrler requested Plaintiff's driver's license which Plaintiff provided. *Id.* Officer Ehrler first conducted a dog search and then performed a full search of Plaintiff's vehicle based on the dog's drug detection. *Id.* No drugs or illegal contraband were recovered in the search of Plaintiff's vehicle. *Id.* Plaintiff filed two complaints with the police department regarding each alleged incident claiming racial profiling by the officers. *Id.* Plaintiff maintains that neither complaint was fully investigated. *Id.*

Plaintiff subsequently brought this action under § 1983 and § 1985 against various police officers with the Jacksonville Police Department, in their individual and official capacities, and the City of Jacksonville, the Jacksonville City Manager, and the Jacksonville Mayor, alleging that the two searches of his vehicle and the March 9, 2013 arrest violated his Fourth Amendment rights against unlawful search and seizure and Fourteenth Amendment equal protection guarantees. *See* Compl. at 2-5. Plaintiff seeks compensatory damages of $5 million and punitive damages in the amount of $500 million. *Id.* at 5.

## II. STANDARD OF REVIEW

A court must dismiss a case brought *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. §

3

1915(d)).

With respect to the first ground for dismissal, a complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Although the complaints of *pro se* plaintiffs are entitled to more liberal treatment than those drafted by attorneys, *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989), the court is not required to accept a *pro se* plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (explaining under predecessor statute 28 U.S.C. § 1915(d) that "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations"). Rather, the court is permitted "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," *Neitzke*, 490 U.S. at 327, which include those with factual allegations that are "fanciful," "fantastic" or "delusional." *Id.* at 325, 328. Absent such allegations, "the initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in [his] favor." *Denton*, 504 U.S. at 32.

The standard for dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same standard set forth in Fed. R. Civ. P. 12(b)(6) and this Court will look to cases decided under that rule for the appropriate review standard. Accordingly, a complaint should be dismissed for failing to state a claim only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6)). A court must accept as true all well-pleaded allegations and view those allegations in the light most favorable to the plaintiff, construing all reasonable factual inferences in the plaintiff's favor. *Id.* Moreover, civil rights complaints, particularly those filed by *pro se* plaintiffs, are entitled to even greater latitude. *See Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir.

2002) ("[W]e must be especially solicitous of the wrongs alleged [in a civil rights complaint] and must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged.") (citation and internal quotation marks omitted). Nonetheless, a civil rights plaintiff may not simply present conclusions, but must "allege with specificity some minimum level of factual support" for his claim in order to avoid dismissal. *White*, 886 F.2d at 724.

Finally, the remaining ground for dismissal under § 1915, immunity of a defendant, relates to the protection the law affords certain governmental entities and officials against particular types of lawsuits. 28 U.S.C. § 1915(e)(2)(B)(iii). The aspects of governmental immunity as applicable to this case are discussed below.

### III. ANALYSIS

Plaintiff asserts claims under 42 U.S.C. § 1983 for various violations of his Fourth Amendment rights and Fourteenth Amendment equal protection guarantees. Compl. at 3-5. Plaintiff also appears to assert claims under 42 U.S.C. § 1985 for civil conspiracy. *Id.*

A. <u>Plaintiff Fails to State A Claim Against Lieutenant Dorn, Richard Woodruff, and Sammy Phillips</u>

Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The statement must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007). Plaintiff's complaint here falls short of meeting the requisite standard as to any claims Plaintiff seeks to allege against Lieutenant Dorn, Richard Woodruff, and Sammy Phillips. The caption on Plaintiff's complaint names Lieutenant Dorn and Richard

5

Woodruff, the Jacksonville City Manager, as defendants in this action. However, Plaintiff provides no factual information regarding any alleged causes of action against these individuals. Additionally, Plaintiff lists Mayor Sammy Phillips in his complaint, though omitting him as a named defendant in the caption, and similarly sets forth no factual allegations relating to this individual. What involvement, if any, these three individuals had in the events underlying this cause of action is unexplained. The complaint thereby fails to provide these defendants notice of the allegations against them and to adequately state a claim upon which relief may be granted. Accordingly, the court recommends that Plaintiff's complaint be dismissed to the extent it alleges claims against Lieutenant Dorn, Richard Woodruff, and Sammy Phillips.

B. § 1983 Official Capacity Claims Against Officer Griess, Officer Funcke, Officer Ehrler, and Police Chief Yaniero

In a § 1983 action, an official-capacity claim is a claim against the governmental entity of which the official is an agent. *Wyche v. City of Franklinton*, 837 F. Supp. 137, 144 (E.D.N.C. 1993) ("A suit against a city official in his official capacity is a suit against the city itself.") (citing *Hughes v. Blankenship*, 672 F.2d 403, 406 (4th Cir. 1982)). Because Plaintiff has named the City of Jacksonville as a defendant, Plaintiff's official capacity § 1983 claims against Officers Griess, Funcke, and Ehrler, and Police Chief Yaniero are duplicative and should therefore be dismissed. *See Wyche*, 837 F. Supp. at 144 (stating § 1983 claims against city police officer were subsumed by the claims against the city). Accordingly, for all claims against both individual Defendants in their official capacity and Defendant City of Jacksonville, this court recommends that claims against individual Defendants in their official capacity be dismissed.

### C. § 1983 Individual Capacity Claims Against Officer Griess, Officer Funcke, Officer Ehrler, and Police Chief Yaniero

Plaintiff's complaint appears to assert several claims pursuant to § 1983. Although § 1983 is not a source of substantive rights, it provides a method for vindicating federal rights elsewhere conferred by the United States Constitution and federal statutes that it describes. *Lambert v. Williams*, 223 F.3d 257, 260 (4th Cir. 2000); *see also Albright v. Oliver*, 510 U.S. 266, 271 (1994). Accordingly, to state a cause of action under section 1983, a plaintiff must allege that (1) the defendant was acting under color of state law in the actions complained of; and (2) the defendant deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States. *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988); *see also West v. Atkins*, 487 U.S. 42, 49-50 (1988).

"In conducting a frivolity review, a court may consider the defense of qualified immunity." *Hinton v. Holding*, No. 5:10-CT-3057-D, 2008 WL 2414042, at *3 (E.D.N.C. June 12, 2008) (citing *Jones v. Bock*, 549 U.S. 199, 214 (2007); *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face.")). Police officers sued in their individual capacities are entitled to immunity from § 1983 liability for money damages as long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Police officers performing a discretionary function are entitled to immunity from civil damages "unless (1) the officers' conduct violates a federal statutory or constitutional right, and (2) the right was clearly established at the time of the conduct, such that (3) an objectively reasonable

7

officer would have understood that the conduct violated that right." *Milstead v. Kibler*, 243 F.3d 157, 161 (4th Cir. 2001). Accordingly, at this stage of the proceedings, this court must determine whether the facts, viewed in the light most favorable to Plaintiff, establish that Officers Griess, Ehrler, and Funcke and Police Chief Yaniero violated Plaintiff's constitutional rights. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) (describing this inquiry as the "threshold question" in ruling upon the issue of qualified immunity).

Additionally, there is no vicarious liability in § 1983 actions; rather, to avail himself to relief "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). If a supervisory law officer is deliberately indifferent to that responsibility, he then bears some culpability for illegal conduct by his subordinates, and he may be held vicariously liable for their illegal acts." *Randall v. Prince George's Cnty.*, 302 F.3d 188, 203 (4th Cir. 2002) (citation omitted). The three elements that establish supervisory liability under § 1983 are: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Cilman v. Reeves*, 452 F. App'x 263, 269-70 (4th Cir. 2011) (quotations omitted). Because supervisory claims are derivative, a plaintiff must adequately plead a separate basis for holding the supervisors liable for the constitutional violation caused to the plaintiff by one of its employees. *Evans v. Chalmers*, 703 F.3d 636, 654 (4th Cir. 2012) (stating that supervisors cannot be liable under

8

§ 1983 without some predicate constitutional injury at the hands of the individual state officer, at least in suits for damages).

At the outset, the court notes that Plaintiff's complaint alleges all individual Defendants are employees of the City of Jacksonville with the police department. Compl. at 2. Accordingly, Plaintiff has satisfied the requirement that the individuals were acting under color of state law. *See West*, 487 U.S. at 50 (noting that a public employee acts under the color of state law while acting in his or her official capacity or while exercising his or her responsibilities pursuant to state law). The court now considers the specific violations alleged by Plaintiff.

   1.   *Fourth Amendment Search Claims*

The Fourth Amendment prohibits law enforcement officers from conducting a search without a warrant. *Katz v. United States*, 389 U.S. 347, 357 (1967); *see also Carroll v. United States*, 267 U.S. 132, 153 (1925). However, the Supreme Court has recognized certain exceptions to the warrant requirement. *Katz*, 389 U.S. at 357. Officers may perform a search on a car without a warrant under the so-called "automobile exception" if they have probable cause to believe the car contains contraband or evidence of a crime. *See Carroll*, 267 U.S. at 153 (establishing the automobile exception to the warrant requirement); *United States v. Lawing*, 703 F.3d 229, 239 (4th Cir. 2012); *United States v. White*, 549 F.3d 946, 949 (4th Cir. 2008). Probable cause is determined by the totality of the circumstances which requires courts to examine all of the facts known to the officer to see whether an objectively reasonable police officer would believe there was contraband or evidence to be found. *See Ornelas v. United States*, 517 U.S. 690, 696 (1996); *Lawing*, 703 F.3d at 239. As to whether this asserted Fourth Amendment right was clearly established, the Supreme Court has long held that the Fourth Amendment prohibits a search without a warrant. *Carroll*, 267

9

U.S. at 153. Additionally, the Supreme Court has long addressed the circumstances permitting a warrantless search of a car and those circumstances still necessitate that the officer have probable cause to search. *Id.* at 151-53.

Viewing the facts in the light most favorable to Plaintiff, the court finds that Plaintiff has set forth sufficient factual allegations to establish violations of his Fourth Amendment right to be free from unreasonable searches. *See Green v. Maroules*, 211 F. App'x 159, 161 (4th Cir. 2006) (finding plaintiff stated a cause of action under § 1983 where plaintiff alleged officer acted under state law and without cause). Construing Plaintiff's pro se complaint liberally, Plaintiff has alleged that Officers Griess and Ehrler did not have probable cause to search his car both on March 9, 2013 and March 11, 2013. Compl. at 3-4. As to the search performed by Officer Griess on March 9, 2013, Plaintiff contends that Officer Griess' discovery of a crack pipe in the parking lot where Plaintiff's car was pulled over does not constitute probable cause because Plaintiff denied possession and ownership of the crack pipe and the complaint does not allege any other connection between Plaintiff and the crack pipe. *Id.* at 3. Additionally, Plaintiff's pro se complaint generally alleges the same as to the search performed by Officer Ehrler on March 11, 2013 – that Officer Ehrler conducted the search without probable cause. *Id.* at 4. The right to be free from unreasonable searches is clearly established. Therefore, Plaintiff has sufficiently alleged unlawful search violations on the part of Officers Griess and Ehrler.

However, the court finds that Plaintiff has not alleged sufficient facts establishing that Officer Funcke or Police Chief Yaniero similarly conducted a search or decided to conduct a search of Plaintiff's car, nor has Plaintiff sufficiently alleged that either is a supervisor of Griess and Ehrler, nor otherwise plead elements necessary to hold Funcke and Yaniero derivatively liable as

supervisors. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 n.58 (1978) (noting that supervisory liability "must be based on more than the right to control employees" and awareness of the conduct does not lead to supervisory liability). Accordingly, the court recommends that Plaintiff's § 1983 unlawful search claims alleged against Officer Funcke and Police Chief Yaniero be dismissed.

### 2. *Fourth Amendment False Arrest Claim*

A claim of false arrest under § 1983 is a Fourth Amendment claim for unreasonable seizure. *See Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002) (analyzing false arrest claim under Fourth Amendment prohibition of unreasonable seizures). "To establish an unreasonable seizure under the Fourth Amendment, [the plaintiff] needs to show that the officers decided to arrest [him] . . . without probable cause." *Id.* (citation omitted). "For probable cause to exist, there need only be enough evidence to warrant the belief of a reasonable officer that an offense has been or is being committed; evidence sufficient to convict is not required." *Id.* (citation omitted). "It is clearly established that citizens have a Fourth Amendment right to be free from unreasonable seizures accomplished by excessive force." *Valladares v. Cordero*, 552 F.3d 384, 388 (4th Cir. 2009).

Here, construing the allegations in Plaintiff's favor, Plaintiff has minimally, but sufficiently alleged that Officer Griess did not have probable cause to believe that Plaintiff had committed a crime when Officer Griess arrested him. Further, the right to be free of unreasonable seizures is clearly established. Therefore, Plaintiff has sufficiently alleged an unlawful seizure violation on the part of Officer Griess. However, the court finds that Plaintiff has failed to allege sufficient facts to support a claim that Officers Ehrler or Funcke or Police Chief Yaniero arrested or decided to arrest Plaintiff. Plaintiff also has not sufficiently alleged that these individuals may be held derivatively

11

liable as supervisors. *See Cilman*, 452 F. App'x at 269-70. Accordingly, the court recommends that Plaintiff's § 1983 unlawful seizure claim, to the extent alleged against Officers Ehrler and Funcke and Police Chief Yaniero, be dismissed.

### 3. *Fourteenth Amendment Equal Protection Claim*

"The purpose of the equal protection clause ... is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination...." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (internal quotation marks and alteration omitted). In acknowledging this guarantee, "the Supreme Court has recognized the validity of 'class of one' Equal Protection claims, 'where the plaintiff alleges that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Willis v. Town of Marshall*, 426 F.3d 251, 263 (4th Cir. 2005) (quoting *Vill. of Willowbrook*, 528 U.S. at 564). To state an equal protection claim, a plaintiff's factual allegations must show that he or she has been treated differently from other similarly situated persons and that they were treated differently because of purposeful discrimination. *See Green*, 211 F. App'x at 162.

Plaintiff, an African-American, has alleged that the searches and arrest he underwent represent differential treatment based on the racial profiling of the police officers involved. Compl. at 3-5. However, Plaintiff's allegations as to this cause of action fail because they are comprised almost entirely of conclusory allegations unsupported by concrete facts. Importantly, Plaintiff has alleged no facts articulating how his treatment was different from others. Accordingly, the court recommends that Plaintiff's equal protection claim based on racial profiling be dismissed.

### D. Claims Against the City of Jacksonville[2]

A municipality "cannot be held liable solely because it employs a tortfeasor . . . in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Rowell v. City of Hickory*, 341 F. App'x 912, 915 (4th Cir. 2009) (quoting *Monell*, 436 U.S. at 691). Rather, it is "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* (quoting *Monell*, 436 U.S. at 694). That is, a plaintiff may prevail on such a claim only if an individual defendant violated a specific constitutional right of that plaintiff, and that specific violation was caused by an unconstitutional policy or custom of the county. *Vathekan v. Prince George's Cnty.*, 154 F.3d 173, 180-81 (4th Cir. 1998). A policy or custom for which a municipality may be held liable can arise in four ways: "(1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that manifests deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law." *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (quotations omitted).

Here, Plaintiff's complaint does not provide factual allegations sufficient to state a claim against the City of Jacksonville under section 1983. Plaintiff's complaint focuses almost exclusively on the conduct of the police officers who searched and arrested Plaintiff. Not once does Plaintiff

---

[2] It appears that Plaintiff is equating the City Council with the City of Jacksonville. However, to the extent Plaintiff is naming the City Council as a separate defendant, Plaintiff has not alleged any facts against the City Council and has therefore failed to state a claim. Accordingly, this court recommends that any claims against the City Council be dismissed.

13

Case 7:13-cv-00128-BO Document 5 Filed 09/17/13 Page 13 of 16

reference a policy, a custom, an exercise of decision-making authority, or a practice on the part of the City of Jacksonville that colorably could have been the cause of his alleged constitutional injuries. Plaintiff also fails to allege an act or omission on the part of the City of Jacksonville that manifests deliberate indifference to the rights of citizens or a widespread practice constituting a municipal custom. Plaintiff has failed, even viewing Plaintiff's pro se complaint liberally, to sufficiently plead a cause of action against the City of Jacksonville under section 1983. Accordingly, this court recommends that Plaintiff's claims against the City of Jacksonville be dismissed.

### E. § 1985 Civil Conspiracy Claims

Plaintiff appears to assert § 1985 civil conspiracy claims against Officers Griess, Ehrler, and Funcke. Compl. at 4. To maintain a cause of action for conspiracy to deny equal protection of the laws under § 1985, "a plaintiff must prove: (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995) (citations omitted). With regard to the second element, a plaintiff cannot simply identify himself or herself as an African American and describe a defendant's conduct as "race hate abuse" to state a claim under § 1985(3). *Green*, 211 F. App'x at 162 n.*. Additionally, to prove a § 1985 conspiracy, "a claimant must show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights." *Simmons*, 47 F.3d at 1377 (citations omitted). "[A]n express agreement is not necessary," although it "must be shown that there was a single plan, the essential nature and general scope of which was known to each person who is to be held responsible for its consequences." *Id.* at 1378 (quotation

14

omitted). This is a "relatively stringent standard" that requires sufficient evidence that the alleged conspirators participated in a joint plan. *Id.* at 1377 ("[W]e have specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts.").

Plaintiff's allegations that these officers conspired to deprive Plaintiff of his civil rights fail because they are comprised almost entirely of conclusory allegations unsupported by concrete facts. For example, Plaintiff's complaint alleges conspiracy "thru the use of threats, harassment and intimidation and false charges," but provides no allegations regarding a "meeting of the minds." Compl. at 4. There are no facts indicating an agreement or single plan between the officers and the allegations regarding the conduct of Officers Griess and Ehrler on the dates in question provide no support. Further, Plaintiff identifies himself as black and the police officers as white, but this fact is insufficient to establish the requisite discriminatory animus on the part of the police officers and there are no other allegations that otherwise relate to discriminatory animus. *See Gooden v. Howard Cnty.*, 954 F.2d 960, 969-70 (4th Cir. 1992) (holding the mere statement that the plaintiff was black and the officers in question were white is insufficient to state a claim under § 1985(3)). Accordingly, the court recommends that Plaintiff's § 1985 conspiracy claim be dismissed.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is ALLOWED, and it is RECOMMENDED that the underlying complaint be DISMISSED in part for failure to state a claim.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections.

Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 16th day of September 2013.

Robert B. Jones, Jr.
United States Magistrate Judge