IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:13-CV-128-BO

| | |
|---|---|
| GEORGE REYNOLD EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| OFFICER JASON GRIESS, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge Robert B. Jones, Jr. [DE 5] and plaintiff's motion for an extension of time and appointment of counsel [DE 7]. The Court ADOPTS the M&R and DENIES plaintiff's motion. Plaintiff's claims are DISMISSED IN PART.

## BACKGROUND

Plaintiff has filed a complaint seeking compensatory and punitive damages under 42 U.S.C. § 1983 and § 1985, based on his alleged wrongful arrest and two wrongful searches of his vehicle by two Jacksonville police officers. According to the complaint, Officer Griess stopped plaintiff while driving his vehicle, searched the vehicle, and subsequently arrested plaintiff for felony possession of crack cocaine and drug paraphernalia on March 9, 2013. Two days later on March 11, 2013, plaintiff was again pulled over while driving his vehicle, this time by Officer Ehrler. Officer Ehrler conducted a dog search and then a full search of plaintiff's vehicle based on the dog's drug detection. Nothing was found. Plaintiff filed two complaints with the police department regarding each alleged incident claiming racial profiling by the officers and he claims that neither complaint was fully investigated. Plaintiff subsequently brought this action

seeking compensatory damages of $5 million and punitive damages of $500 million for violations of his Fourth Amendment rights against unlawful search and seizure and Fourteenth Amendment equal protection guarantees.

Judge Gates filed his M&R on September 17, 2013. Plaintiff did not object to it and mailed his request for additional time to object and for appointment of counsel on October 7, 2013, three days after the deadline to object.

## DISCUSSION

The Court adopts the M&R because plaintiff has made no objections to it and because the M&R is not clearly erroneous or contrary to law. 28 U.S.C. § 636 (b)(1)(B). A district court is only required to review an M&R de novo if the plaintiff specifically objects to it or in cases of plain error. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). The magistrate has not committed plain error in this instance. Therefore, the Court adopts the Magistrate Judge's recommendations and dismisses plaintiff's complaint in part. Although plaintiff has filed a request for additional time, he has not done so in a timely manner. His request for additional time was mailed *after* the deadline to file any objections to the M&R. This Court denies his request for additional time because it was untimely filed.

There is no constitutional or statutory right to appointment of counsel in a civil case. *See Ivey v. Board of Regents*, 673 F.2d 266, 269 (9th Cir. 1982); *McKeever v. Israel*, 689 F.2d 1315, 1318 (7th Cir. 1982). "Although 28 U.S.C. § 1915(e)(1) allows courts to "request" that an attorney represent a plaintiff, there is, strictly speaking, no ability or funds to "appoint" counsel in the traditional sense. Therefore, requesting that an attorney provide services free of charge will be the exception rather than the rule, although there are no presumptions for or against the recruitment of counsel." *Almond v. Wisconsin*, 2008 U.S. Cist. LEXIS 53315 at *1–2 (E.D.

2

Wisc. July 11, 2008) (citing *Pruitt v. Mote*, 503 F.3d 647, 656 (7th Cir. 2007)). The appointment of counsel under §1915(e) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here plaintiff does not indicate that he has attempted to obtain representation on his own, and although he alleges that he is mentally unable to prosecute his case, his correspondence with the Court to date has not suggested any incompetence. The Court does not find any exceptional circumstances in this case. Accordingly the Court denies plaintiff's request for appointed counsel at this time, although the Court may revisit this decision if different facts, incompetencies, or complexities arise.

## CONCLUSION

For the foregoing reasons, plaintiff's motions for an extension of time and for appointed counsel are DENIED. The Court ADOPTS the Magistrate Judge's recommendations [DE 5]. Therefore, plaintiff's claims against Lieutenant Dorn, Richard Woodruff, Sammy Phillips, the City of Jacksonville, and the City Council, plaintiffs official-capacity claims against Officer Griess, Officer Funcke, Officer Ehrler, and Police Chief Yaniero, plaintiff's Fourth Amendment wrongful search claims against Officer Funcke and Police Chief Yaniero, plaintiff's Fourth Amendment false arrest claims against Officer Ehrler, Officer Funcke, and Police Chief Yaniero, plaintiff's Fourteenth Amendment claims, and plaintiff's §1985 conspiracy claim are DISMISSED. The remaining claims may proceed in their entirety.

SO ORDERED, this 22 day of October, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3