IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:13-CV-128-BO

| | |
|---|---|
| GEORGE REYNOLD EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| OFFICER JASION GRIESS, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on plaintiff George Evans's motion for appointment of counsel [DE 24] and motions for summary judgment [DE 35, 37]. For the reasons stated below, plaintiff's motions are DENIED.

## BACKGROUND

Plaintiff filed his complaint and motion for leave to proceed *in forma pauperis* on June 17, 2013, seeking compensatory and punitive damages under 42 U.S.C. § 1983 and § 1985 based on his alleged wrongful arrest and vehicle searches by two Jacksonville police officers. [DE 1]. While the Court was conducting a frivolity review, plaintiff filed his first motion for appointment of counsel. [DE 7]. In October 2013, the Court dismissed some of the claims as frivolous and, finding no exceptional circumstance that would justify appointing counsel, denied plaintiff's motion for appointment of counsel. [DE 8]. Defendants filed their answer in February 2014, and the Court entered a scheduling order which set a discovery deadline of June 1, 2015, and a motions deadline of July 1, 2015. [DE 40]. Prior to entry of the scheduling order, plaintiff filed two motions for summary judgment [DE 35, 37] and another motion for appointment of counsel [DE 24]. In response, defendants filed a response asking the Court to defer consideration or deny

plaintiff's summary judgment motions pursuant to Federal Rule of Civil Procedure 56(d). [DE 41].

## DISCUSSION

"[I]t is well settled that in civil actions the appointment of counsel should be allowed only in exceptional cases . . . ." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. United States Dist. Court for the S. Dist. of Ia.*, 490 U.S. 296, 300 n.3 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." *Whisenant*, 739 F.2d at 163 (quotation and citation omitted). Further, as a threshold matter, it is not proper to appoint counsel unless the plaintiff's case appears likely to be one of substance. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).

The Court does not believe that plaintiff's ailing health makes this an exceptional case, particularly given that plaintiff has filed motions subsequent to his request for counsel because of his alleged inability to represent himself. As such, it is proper to deny plaintiff's motion for appointment of counsel.

Summary judgment should only be granted "after adequate time for discovery," *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A Rule 56(d) motion must be granted "where the nonmoving party has not had the opportunity to discovery information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986). The Fourth Circuit has held that such motions "should be liberally granted" in order to protect non-moving parties from premature summary judgment motions. *Greater Baltimore Ctr. for Pregnancy Concerns, Inc.. v. Mayor and City Council of Baltimore,* 721 F.3d 264, 281 (4th Cir. 2013) (quotation and citation omitted).

Plaintiff's motions for summary judgment both were filed prior to the entry of the scheduling order. Defendants have not deposed plaintiff or engaged in discovery, and plaintiff's second motion states that supporting documents and testimony are not yet available. [DE 37]. Accordingly, it is proper to deny plaintiff's motions for summary judgment.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for appointment of counsel [DE 24] and both motions for summary judgment [DE 35, 37] are DENIED.

SO ORDERED, this ⟨2⟩ day of February, 2015.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE