IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:13-CV-128-BO

GEORGE REYNOLD EVANS, )
    Plaintiff, )
  )
v. )     O R D E R
  )
OFFICER JASION GRIESS, et al., )
    Defendants. )
  )

This matter is before the Court on the parties' cross-motions for summary judgment as well as numerous motions filed by plaintiff George Evans. For the reasons stated below, defendant's motion is granted and plaintiff's motions are denied.

## BACKGROUND

Plaintiff's seeks compensatory and punitive damages under 42 U.S.C. §§ 1983 and 1985 for alleged violations of his Fourth Amendment rights arising out of on two separate traffic stops by officers with the Jacksonville Police Department. On March 9, 2015, at approximately 4:30 am, Officer Jason Griess witnessed a vehicle slow down and come to either a stop or very slow roll while traveling southbound on US 17 in Jacksonville, North Carolina, as it was approached by a person walking on the shoulder. Griess Aff. ¶ 8 [DE 65-1]. As he approached the vehicle, it drove off and the individual began walking in the opposite direction. *Id.* ¶¶ 11–12. Officer Griess followed the vehicle and initiated a traffic stop with the intent to issue a citation for impeding traffic. *Id.* ¶ 13; Compl. ¶ 3 [DE-1]. When Officer Griess exited the patrol car, he saw the driver's side door open, and plaintiff stepped out and began walking toward the rear of the vehicle. Griess Aff. ¶¶ 17, 19. Officer Griess ordered plaintiff to return to his car and plaintiff eventually re-entered the vehicle. *Id.* ¶¶ 18, 20–21. Officer Ehrler arrived on the scene shortly

thereafter, followed by Officer Funcke. *Id.* ¶¶ 26–27; Ehrler Aff. ¶ 7 [DE 65–3]. While Officer Ehrler talked to plaintiff, Officer Funcke to Officer Griess suggested that plaintiff may have tried to discard evidence. Griess Aff. ¶¶ 28–29. Upon inspection of the area near the car, Officer Griess recovered an unbroken glass pipe with burn residue by the front driver's side tire. *Id.* ¶ 30. He ultimately charged plaintiff with possession of drug paraphernalia in violation of N.C. Gen. Stat § 90–133.22 and took plaintiff into custody. *Id.* ¶ 34.

On March 15, 2015, Officer Ehrler and Detective Carr received a description of a male in the area of Newberry Street involved in cocaine base sales. Carr Aff. ¶ 1 [DE 65–2]; Ehrler Aff. ¶ 9. While surveilling near Newberry Street, Detective Carr observed a male who fit the description of the subject near a residence he knew was associated with narcotics trafficking. Carr Aff. ¶¶ 3, 5. While he was watching the residence, a vehicle containing two females arrived and parked in front. *Id.* ¶ 4. The subject then proceeded to the vehicle, the female passenger exited, and she and the subject went around the residence out of Detective Carr's sight. *Id.* ¶¶ 4, 6. After they reappeared a few minutes later, the female got back in the car and left. *Id.* ¶ 7.

Shortly thereafter, a small blue Nissan arrived, the subject entered the passenger seat, and the car drove away. *Id.* ¶ 8. Detective Carr asked Officer Ehrler to conduct a traffic stop, as the behavior of the subject was consistent with drug trafficking. *Id.* ¶ 9. Officer Ehrler saw the blue Nissan near the intersection of Railroad Street and College Street and stopped the car. Ehrler Aff. ¶ 14. He recognized the driver as plaintiff. *Id.* ¶ 16. Officer Ehrler asked for a K-9 unit to perform a dog sniff, and the dog alerted near the passenger side of the vehicle. *Id.* ¶ 18–20. Plaintiff consented to the search. Evans Dep. pp 64–65. The search was performed, and plaintiff and the passenger were told they were free to leave, which they did. Ehrler Aff. ¶¶ 21, 23–24.

2

DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." *Anderson v. LibertyLobby, Inc.*, 477 U.S. 242, 252 (1986).

Plaintiff's remaining claims appear to be § 1983 claims against Officers Griess and Ehrler for unreasonable searches in violation of the Fourth Amendment and a claim against Officer Griess for an alleged false arrest. Defendants assert qualified immunity as a defense. Qualified immunity shields government officials from liability so long as they could reasonably believe that their conduct does not violate clearly established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011) (en banc). It protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *see also Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012).

In *Saucier v. Katz*, 533 U.S. 194 (2001), the Supreme Court recognized a two-step procedure for determining whether qualified immunity applies that "asks first whether a

3

constitutional violation occurred and second whether the right violated was clearly established." *Melgar v. Greene*, 593 F.3d 348, 353 (4th Cir. 2010). Judges are permitted to exercise their discretion, however, in regard to which of the two prongs should be addressed first in light of the facts and circumstances of the particular case. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Plaintiff bears the burden to show that the constitutional violation occurred, while defendants bear the burden to show whether the right was clearly established. *Henry*, 501 F.3d at 377–378. Defendants are entitled to qualified immunity if the answer to either question is "no." *See, e.g., Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080; *Miller v. Prince George's Cty., Maryland*, 475 F.3d 621, 627 (4th Cir. 2007). "Ordinarily, no factual findings are necessary to the analysis of a qualified immunity claim because the issue is purely a legal one . . .," although a defendant may challenge the sufficiency of the evidence supporting the complaint's allegations, although ordinarily, no factual findings are necessary to a qualified immunity analysis. *See Cloaninger ex rel. Estate of Cloaninger v. McDevitt*, 555 F. 3d 324, 331 (4th Cir. 2009) (quotation omitted). "In this situation, a defendant is entitled to summary judgment if the record does not create a genuine issue of material fact as to whether the defendant committed the acts alleged in the complaint." *Bostic v. Rodriguez*, 667 F. Supp. 2d 591, 606–07 (E.D.N.C. 2009) (citation omitted).

Plaintiff appears to argue that Officer Griess unlawfully stopped and searched him on March 9 and that Officer Ehrler unlawfully stopped him on March 15. "It is clearly established under the Fourth Amendment that individuals have the right to be free from unlawful seizures of their persons, including unlawful arrests." *Bell v. Dawson*, 144 F. Supp. 2d 454, 460 (W.D.N.C. 2001 ) (citing *Imbler v. Pachtman*, 424 U.S. 409, 418–19 (1976). However, "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v.*

4

*City of Lago Vista*, 532 U.S. 318, 354 (2001). "An officer has probable cause for arrest when the facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Wilson v. Kittoe*, 337 F.3d 392, 398 (4th Cir. 2003) (alteration in original) (quoting *Pritchett v. Alford*, 973 F.2d 307, 314 (4th Cir. 1992). "In evaluating objective reasonableness, what the officer observed is highly relevant; his subjective beliefs are not." *Bostic*, 667 F. Supp. 2d at 607.

*March 9 Incident*

In determining whether Officer Griess is entitled to qualified immunity for the events that occurred on March 9, the Court begins with the question of whether the traffic stop violated plaintiff's Fourth Amendment right to be free from a warrantless search and probable cause. Officer Griess argues that he had probable cause to cite plaintiff for parking a vehicle on a highway or operating a vehicle on a highway at speed slow enough to impede traffic. N.C. Gen Stat. §§ 20–161, 20–141(h). Under North Carolina law, a highway is defined as [t]he entire width between property or right-of-way lines of every way or place of whatever nature, when any part thereof is open to the use of the public as a matter of right for the purpose of vehicular traffic. N.C. Gen. Stat § 20-4.01(13). "Observing a traffic violation provides sufficient justification for a police officer to detain the offending vehicle for as long as it takes to perform the traditional incidents of a routine traffic stop." *United States v. Branch*, 537 F.3d 328, 335 (4th Cir. 2008). The area of NC-17 on which Officer Griess observed plaintiff plainly falls within the definition of a highway. Accordingly, Officer Griess had probable cause to believe that a traffic violation occurred and was justified in stopping the vehicle.

5

It appears that plaintiff further argues that he was unlawfully arrested by Officer Griess. "[P]robable cause to justify an arrest exists when a reasonably prudent police officer has sufficient knowledge to believe that a suspect has committed or is committing a criminal offense." *United States v. Chen*, 811 F. Supp. 2d 1193, 1202 (M.D.N.C. 2011). Possession of drug paraphernalia is unlawful in North Carolina. N.C. Gen. Stat § 90–113.22. Further, glass pipers are explicitly included in the definition of drug paraphernalia. N.C. Gen. Stat. § 90–113.21(a)(112)(a). Accordingly, Officer Griess had probable cause to arrest plaintiff. Even under plaintiff's version of the events, there was an unbroken glass pipe with residue on it directly beside the driver's side front tire of plaintiff's vehicle and no one else in the vehicle.

Further, it was reasonable to believe that evidence relevant to the crime of arrest might be found in plaintiff's vehicle. *See United States v. Joy*, 336 F. App'x 337, 343 (4th Cir. 2009). Indeed, "[t]he Supreme Court has specifically acknowledged that drug offenses are the type of offense for which it may be reasonable to believe that evidence relating to the crime might be located in the vehicle." *Id.* Accordingly, Officer Griess had probable cause to conduct a search of the vehicle. Even if Officer Griess had been mistaken, however, his beliefs and actions were reasonable as to the existence of probable cause, thus the Court cannot find that he violated the Constitution. *See, e.g., Saucier*, 533 U.S. at 206. Accordingly, the Court concludes that the stop, arrest, and search of plaintiff's vehicle on March 9 satisfied constitutional requirements and that Officer Griess is entitled to qualified immunity with respect to the § 1983 claim against him.

*March 15 Incident*

Plaintiff also argues that Officer Ehrler lacked probable cause or reasonable suspicion to stop his vehicle on March 15. When Officer Ehrler stopped the car, he was acting on an instruction by Detective Carr. "The collective knowledge doctrine . . .holds that when an officer

6

acts on an instruction from another officer, the act is justified if the instructing officer had sufficient information to justify taking such action . . ." *United States v. Massenberg*, 654 F.3d 480, 492 (4th Cir. 2011). Detective Carr had observed what looked like a narcotics transaction take place between the female and the subject shortly before the subject got into the Nissan. Moreover, both Detective Carr and Officer Ehrler had been privy to the briefing that described a drug trafficking suspect matching the subject's description. In sum, the Court concludes that Officer Ehrler's actions and beliefs combined with Detective Carr's knowledge when he instructed Officer Ehrler to stop the car were reasonable as to the existence of probable cause to stop plaintiff's vehicle. *See, e.g., Saucier*, 533 U.S. at 206. The Court therefore concludes that the stop of plaintiff's vehicle on March 15 satisfied constitutional requirements and that Officer Ehrler is entitled to qualified immunity with respect to the § 1983 claim against him.[1]

As defendant's motion for summary judgment [DE 65] is granted, plaintiff's motion for summary judgment [DE 53] and motion for denial of defendant's response thereto [DE 62] are denied.

*Remaining Issues*

It is somewhat unclear whether plaintiff also seeks to assert state law tort claims as part of this action. "In North Carolina, findings that an arrest was supported by probable cause . . . for the purposes of finding qualified immunity to a § 1983 . . . claim are fatal to the Plaintiff's state law tort claims." *Bell v. Dawson*, 144 F. Supp. 2d 454, 464 (W.D.N.C. 2001) (collecting cases). Accordingly, based on the Court's findings in this case, plaintiff cannot succeed on any remaining state law tort claims he may be attempting to assert.

---

[1] The Court does not address the search of the vehicle because plaintiff consented to the K-9 search, and "a 'positive alert' from a drug detection dog, in and of itself, provides probable cause to search a vehicle." *United States v. Branch*, 537 F.3d 328, 340 n.2 (4th Cir. 2008). Accordingly, once the dog alerted on the car, Officer Ehrler had probable cause to search it.

7

Plaintiff's motion to withdraw [DE 61] is granted, and the filings at docket entries 54, 55, and 57 are withdrawn. Plaintiff's motion to compel [DE 70] is denied, as it was untimely filed and was not served in accordance with the Federal Rules of Civil Procedure. The Court also notes that plaintiff has filed a motion for sanctions on defendants. This motion neither addresses the legal standard for awarding sanctions nor cites any authority in support of plaintiff's position. As a result, the motion for sanctions [DE 76] is denied.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment [DE 65] is GRANTED. Plaintiff's motion for summary judgment [DE 53] and motion to deny defendant's response thereto [DE 62] are DENIED. Plaintiff's motion to withdraw [DE 61] is GRANTED and the motions for sanctions [DE 55] and to compel answers to interrogatories [DE 54, 57] are WITHDRAWN. Plaintiff's motion for sanctions [DE 76] and motion to compel [DE 70] are DENIED. The Clerk of Court is DIRECTED to enter judgment accordingly and to close the case.

SO ORDERED, this 13 day of October, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE