# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION
### No. 7:13-CV-128-BO

GEORGE REYNOLD EVANS,             )
                                  )
                    Plaintiff,    )
                                  )                    **O R D E R**
v.                                )
                                  )
OFFICER JASON GRIESS, et al.,     )
                                  )
                    Defendants.   )

This matter is before the Court on *pro se* plaintiff's motions. [DE 98, 99].

First, plaintiff seems to be moving for additional time to obtain new evidence that he believes will inculpate defendants. It is not entirely clear from plaintiff's motion how plaintiff intends to use said evidence if he obtains it, but he mentions a few different avenues that the Court will presently address. First, to the extent that plaintiff intends to file a motion for summary judgment, the Court reminds plaintiff that summary judgment has already been granted in the instant case in favor of defendants. [DE 80]. Second, to the extent that plaintiff wishes to have this motion construed under Rule 59(a), this rule, concerning new trials, is inapplicable to plaintiff as this matter did not go to trial. Moreover, even if the rule applied, plaintiff is beyond the time limit stated in the rule. Fed R. Civ. P. 59. Third, to the extent plaintiff wishes to have this motion construed as one under Rule 60(b)(1)–(3), such a motion must be filed "no more than a year after the entry of judgment." Fed. R. Civ. P. 60. Plaintiff seeks "thirty to sixty days" to prepare the new evidence. As judgment was entered in the instant case in October 2015, plaintiff is still within the statutory period, and the motion is thus DENIED AS MOOT. [DE 98].

Next, plaintiff filed another document the same day as the above motion. Though the exact relief plaintiff seeks is difficult to discern, plaintiff is against discussing newly discovered evidence. However, plaintiff includes no proof of this new evidence beyond his assertions, so any attempt at relief due to new evidence fails. Accordingly, this motion is also DENIED. [DE 99].

SO ORDERED, this **_45_** day of March, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE