IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CV-128-BO

| | |
|---|---|
| GEORGE REYNOLD EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | O R D E R |
| v. ) | |
| ) | |
| OFFICER JASON GRIESS, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on *pro se* plaintiff's motion of newly discovered evidence. [DE 103]. The appropriate responses and replies (though plaintiff's was in the form of a motion) have been filed, and the matter is ripe for ruling. For the reasons discussed below, plaintiff's motion is DENIED.

## BACKGROUND

Plaintiff filed his complaint and motion for leave to proceed *in forma pauperis* on June 17, 2013, seeking compensatory and punitive damages under 42 U.S.C. § 1983 and § 1985 based on his alleged wrongful arrest and vehicle searches by two Jacksonville, North Carolina police officers. While the Court was conducting a frivolity review, Mr. Evans filed his first motion for appointment of counsel. In October 2013, the Court dismissed some of plaintiff's claims as frivolous and, finding no exceptional circumstance that would justify appointing counsel, denied the motion for appointment of counsel. Prior to entry of the scheduling order, Mr. Evans filed another motion for appointment of counsel and a motion for summary judgment. The Court denied plaintiff's motions in February 2015. Discovery proceeded, and the parties filed cross-motions for summary judgment. In an order dated October 14, 2015, the Court granted

defendants' motion for summary judgment. Mr. Evans appealed. While his appeal was pending, plaintiff filed a motion for appointment of counsel in this Court and motion to alter the judgment. Both were later denied. After giving Mr. Evans notice, the Court of Appeals dismissed the case for failure to prosecute on December 28, 2015, and the mandate issued the same day. Plaintiff has since filed two motions which appear to have been in preparation for the instant motion, which has been filed pursuant to Federal Rule of Civil Procedure 60(b).

The instant motion is based on defendants' testimony at plaintiff's subsequent state criminal trial, which plaintiff alleges contained discrepancies from information put forth at the summary judgment phase in the instant case. For example, plaintiff objects to defendants' testimony which elaborated beyond the same witness's earlier written report or contained mild discrepancies, such as referring to certain ammunition as "BBs" when plaintiff contends they were pellets. [DE 103-20, p. 8–9, 13, 15]. The Court includes these by way of illustration, though they are not plaintiff's only claims. In support of the instant motion, plaintiff submitted an incomplete trial transcript, as well as several documents, such as defendant affidavits, which were before the Court at the summary judgment stage, as well as many other documents.

## DISCUSSION

Federal Rule of Civil Procedure 60(b) includes several grounds for relief from a final judgment, order, or proceeding, including, *inter alia*, (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); and (3) fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(1)–(3).

> It is a well settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal. Therefore, before a party may seek relief under Rule 60(b), a party first must show 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'

2

*Dowell v. State Farm Fire & Casualty Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (internal citations omitted); *see also Williams v. Griffin*, 98 Fed. Appx. 947, 947 (4th Cir. 2004).

Here, plaintiff did not address these requirements, but, given plaintiff's *pro se* status, the Court now does. Plaintiff's motion is clearly timely. Fed. R. Civ. P. 60(c); [DE 80]. However, plaintiff has not demonstrated that he has a meritorious defense or exceptional circumstances. The Court does not need address, then, whether plaintiff has demonstrated a lack of unfair prejudice to the opposing party.

Defendants prevailed at the summary judgment stage on a theory of qualified immunity. As the Court noted at the time, qualified immunity shields government officials from liability so long as they could reasonably believe that their conduct does not violate clearly established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011) (en banc). It protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *see also Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012). Here, plaintiff has not included any information to call into question the Court's earlier finding that defendants were entitled to qualified immunity, so he has not demonstrated that he has a meritorious defense.

Moreover, even if plaintiff were to have a meritorious defense, he has not claimed or otherwise demonstrated that his case presents exceptional circumstances. For these reasons, plaintiff does not pass the Rule 60(b) threshold requirements, and the motion must fail.

Nevertheless, recognizing plaintiff's *pro se* status, the Court considers plaintiff's claims on their merits. Plaintiff first seeks relief pursuant to Rule 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Plaintiff does not explicitly allege which of these he is currently claiming or who he claims the wrongful actor was. Without this

3

information, despite having read plaintiff's motion, the Court cannot find that plaintiff has demonstrated mistake, inadvertence, surprise or excusable neglect so as to warrant relief.

Plaintiff next seeks relief pursuant to Rule 60(b)(2) for newly discovered evidence. New evidence must be "'facts in existence at the time of trial of which the aggrieved party was excusably ignorant'" and the moving party is entitled to relief "only if such evidence: (1) is material and not merely cumulative, (2) could not have been timely discovered through the exercise of due diligence, and (3) would probably have changed the outcome embodied in the judgment." *Gardner v. Dixon*, 1992 U.S. App. LEXIS 28147, *17 (4th Cir. Oct. 21, 1992). Here, plaintiff claims that defendants' allegedly contradictory testimony in his criminal trial constitutes new evidence. Looking beyond the fact that these alleged inconsistencies were not in existence at the time of trial, the Court remains unpersuaded that they are material or would probably have changed the outcome at the summary judgment stage. Accordingly, plaintiff does not merit relief for new evidence.

Finally, plaintiff seeks relief pursuant to Rule 60(b)(3) for fraud, misrepresentation, or misconduct by an opposing party. "A party seeking relief under subsection (3) of the rule must also prove the misconduct complained of by clear and convincing evidence and demonstrate that such misconduct prevented him from fully and fairly presenting his claim or defense." *Square Constr. Co. v. Wash. Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981). Once again, the Court finds that plaintiff has fallen short of the statute's requirements. The Court is not persuaded any additional elaboration or slight differences in affidavit and trial testimony prevented plaintiff from presenting his case for summary judgment and opposing defendants' motion for summary judgment or that, even if it did, plaintiff has satisfied the burden of clear

4

and convincing evidence. Accordingly, plaintiff does not merit relief for fraud/misrepresentation/misconduct.

## CONCLUSION

For the reasons discussed above, plaintiff's motion of newly discovered evidence is DENIED. [DE 103]. Accordingly, plaintiff's response motion in opposition is DENIED AS MOOT. [DE 105].

SO ORDERED, this 26 day of July, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE